1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   MAIDEL AROSTEGUI CASTELLON,              Case No. 1:25-cv-00968 JLT EPG

12                      Petitioner,            ORDER GRANTING PETITION FOR WRIT
                                               OF HABEAS CORPUS
13   v.
                                               (Doc. 1)
14   POLLY KAISER, et al.,

15                      Respondents.[1]

16

17          Maidel Arostegui Castellon is a former immigration detainee with a pending habeas

18   petition. (Doc. 1.) On August 14, 2025, the Court issued an order finding that Petitioner is likely

19   to succeed on the merits of her habeas claim that her re-detention without a pre-deprivation

20   hearing violated her rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 12

21   at 5–20.)[2] Petitioner has filed an additional brief regarding the merits of her habeas petition on

22   October 14, 2025. (Doc. 15.)

23          In their opposition to Petitioner's request for a temporary restraining order, Respondents

24   _____

25   [1] Respondents have moved to strike and dismiss all unlawfully named officials. (Doc. 9 at 1 n.1.) Although *Doe v.
     Garland* held that "[*Rumsfeld v. Padilla*, 542 U.S. 426 (2004)] set forth a clear rule requiring core habeas petitioners

26   challenging their present physical confinement to name their immediate custodian, the warden of the facility where
     they are detained, as the respondent to their petition," 109 F.4th 1188, 1199 (9th Cir. 2024), *Doe* did not necessarily

27   preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has
     named her immediate custodian as a Respondent, the Court declines to dismiss all the remaining named Respondents.

28   [2] Upon the agreement of the parties, the Court converted Petitioner's motion for a temporary restraining order into
     one for a preliminary injunction. (Doc. 12 at 2 n.1.)

1   stated that their brief is also a "response to the habeas petition itself." (Doc. 9 at 1.) The Court

2   has considered and rejected Respondents' arguments, (*see* Doc. 12 at 5–20); they have not

3   submitted any new brief, document, or argument since the Court's PI order.

4        For the reasons stated in the Court's order granting a preliminary injunction, the Court

5   finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process

6   Clause of the Fifth Amendment. (*See* Doc. 12 at 5–20.) Accordingly, the petition for writ of

7   habeas corpus, (Doc. 1), is **GRANTED**.

8        Respondents are **ENJOINED AND RESTRAINED** from re-arresting or re-detaining Ms.

9   Arostegui Castellon absent compliance with constitutional protections, which include at a

10   minimum, pre-deprivation notice—describing the change of circumstances necessitating her

11   arrest—and detention, and a timely hearing.[3] At any such hearing, the Government **SHALL** bear

12   the burden of establishing, by clear and convincing evidence, that Ms. Arostegui Castellon poses

13   a danger to the community or a risk of flight, and Ms. Arostegui Castellon **SHALL** be allowed

14   to have her counsel present.

15        The Clerk of Court is directed to close this case and enter judgment for Petitioner.

16

17  IT IS SO ORDERED.

18   Dated:   **February 5, 2026**

                                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

---

28  [3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.